## In re James and Carla THURSTON, Debtors.

### Bankruptcy No. 386–34095–A–13.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

May 7, 1987.

J. Vernon Johnson, Dallas, Tex., for debtors.

Jack G. Cameron, Ft. Worth, Tex., for plaintiff, Gen. Elec. Credit Corp.

### OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

The issue in this contested matter is whether the rights of a party secured by a lien on a mobile home may be modified in a Chapter 13 plan.[1] The secured party, General Electric Credit Corporation, contends that it is protected from "cram down" under 11 U.S.C. § 1322(b)(2), because its claim is secured by a security interest in real property that is the Debtor's principal residence. The Debtor contends that under the Chapter 13 plan it may value the collateral, provide payment for that amount, and provide a lesser payment for the unsecured part of the claim.

The Texas Legislature amended Title 79, *Interest,* Tex.Rev.Civ.Stat. art. 5069–6A.01, *et seq.,* in 1981 to make Texas law governing the financing of mobile homes more consistent with federal law and regulations, more responsive to the needs of the market, and to regulate credit transactions regarding mobile home sales under a single chapter of Title 79. Tex.Rev.Civ.Stat. art. 5069–6A.01 (Vernon 1987). Under art. 5069–6A.11(3), the lender is given a choice as to how the transaction is to be viewed when both the situs real estate and a mobile home are financed together. Provided that both the real estate and mobile home acquisition are considered as part of the same transaction, the lender may elect to treat the mobile home as if it were residential real estate.

In this case, the creditor did not make such an election, even if it had been able to. Therefore, applying Texas law,[2] the court finds that the mobile home in question is not to be regarded as residential real estate for purposes of 11 U.S.C. § 1322(b)(2).

Notwithstanding the fact that the Debtor may be entitled to claim a homestead exemption or to have the mobile home treated as realty for certain purposes, the mobile home is not residential real estate, as to the creditor here, under 11 U.S.C. § 1322(b)(2). The court finds that the Debtor may modify the rights of General Electric Credit Corporation under the Retail Installment Contract dated March 20, 1985 consistent

1. This is a core proceeding. 28 U.S.C. §§ 157, 1334. This memorandum shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052.

2. *Matter of Colver,* 13 B.R. 521 (Bankr.D.Nev. 1981).

with 11 U.S.C. § 1322(b)(2). Counsel for Debtor is directed to prepare an appropriate order.